UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANNY JOHNSON,

        Plaintiff,

v.

EXPERIAN INFORMATION
SOLUTIONS, INC.,
EQUIFAX INFORMATION SERVICES,
L.L.C., and TRANS UNION, L.L.C.,

        Defendants.

_____/

Case No. 4:25-cv-12735

District Judge F. Kay Behm
Magistrate Judge Anthony P. Patti

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION TO
DISMISS PLAINTIFF'S CLAIMS AGAINST EQUIFAX INFORMATION
SERVICES AND TRANS UNION WITH PREJUDICE FOR FAILURE TO
COMPLY WITH THE COURT'S ORDERS (ECF No. 14, 18) AND/OR
PURSUANT TO FED. R. CIV. P. 41(b) AND E.D. MICH. LR 41.2 FOR
FAILURE TO PROSECUTE and DEEM MOOT THESE DEFENDANTS'
PENDING MOTION TO DISMISS (ECF No. 12)**

**I.      RECOMMENDATION**:  The Court should **DISMISS** Plaintiff's claims

against Equifax Information Services and Trans Union **WITH PREJUDICE** for

failure to comply with the Court's October 24, 2025 and February 26, 2026 orders

(ECF Nos. 14, 18) and/or pursuant to Fed. R. Civ. P. 41(b) and E.D. Mich. LR 41.2

for failure to prosecute and, accordingly, **DEEM MOOT** these Defendants'

pending motion to dismiss (ECF No. 12).

1

## II.    REPORT

### A.    Of the three named Defendants, only Trans Union and Equifax have appeared.

Plaintiff initiated this lawsuit in August 2025 against three credit reporting agencies, *i.e.*, Experian Information Solutions, Inc., Equifax Information Services, L.L.C., and Trans Union, L.L.C.  (ECF No. 1.)  Because Plaintiff is proceeding *in forma pauperis* (*see* ECF Nos. 2, 5), the Court and the U.S. Marshal Service (USMS) have facilitated service upon Defendants (*see* ECF Nos. 6, 7, 9).

Trans Union and Equifax have appeared via counsel.  (ECF Nos. 10, 13.) The Court notes that a summons was prepared for Experian (ECF No. 7, PageID.14-15), and it appears the USMS sent a copy to Experian in September 2025 (ECF No. 9, PageID.24), although Experian has yet to appear.  In fact, the docket indicates that the envelope sent to Experian (at 475 Anton Blvd, Glendale, CA 91203) was returned to sender.  (ECF No. 15.)[1]  Thus, this order only applies to Trans Union and Equifax.

---

[1] The tracking information indicates the envelope was mailed on September 26, 2026, arrived in California on September 29, 2025, was designated as having an "insufficient address" on September 30, 2025, and was ultimately returned to the Court on October 14, 2025.  *See* https://tools.usps.com/go/TrackConfirmAction?qtc_tLabels1=9589%20200710%205270%203135%208081%2097 (last visited Mar. 31, 2026).

**B.      Defendants Trans Union and Equifax's October 21, 2025 joint motion to dismiss (ECF No. 12) is unopposed.**

Judge Behm has referred this case to me for pretrial matters.  (ECF No. 8.) Currently before the Court is Defendants Trans Union and Equifax's October 21, 2025 joint motion to dismiss (ECF No. 12), which was served upon Plaintiff at his address of record (*see id.*, PageID.36) and as to which Plaintiff's response was due on November 21, 2025, per the Court's briefing order requiring a response (*see* ECF No. 14).  This was followed by a show cause order on February 26, 2026, based on Plaintiff's failure to comply with the briefing schedule, *i.e.*, his complete failure to respond to the motion to dismiss. (ECF No. 18.)

To date, Plaintiff has not filed a response to either the motion or the show cause order, which means that Defendants Trans Union and Equifax's joint motion to dismiss (ECF No. 12) is unopposed.  *See* E.D. Mich. LR 7.1(c)(1) ("A respondent opposing a motion must file a response, including a brief and supporting documents then available.").

**C.      Plaintiff's address of record appears to be correct.**

Plaintiff's sole filings in this case are his August 29, 2025 complaint (ECF No. 1) and a same-day application to proceed without prepayment of fees or costs (ECF No. 2).  Plaintiff's address in the Court's case management / electronic case filing (CM/ECF) system – 1231 Colony Lane, Apt. 324, Pontiac, MI 48340 – is consistent with that listed in his complaint.  (*See* ECF No. 1, PageID.1, 3.)

3

The docket does not indicate that any of the Court's orders have been returned as undeliverable.  Thus, the Court has no reason to believe Plaintiff has not received any of the Court's mailings.

**D.      It is appropriate to consider an order of involuntary dismissal.**

Federal Rule of Civil Procedure 41(b) and Local Rule 41.2 authorize involuntary dismissal for failure to prosecute or to comply with rules of procedure or court orders.  *See also Chambers v. Nasco, Inc.*, 501 U.S. 32, 49 (1991) (noting that "a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute" as recognized in *Link v. Wabash R. Co.*, 370 U.S. 626, 629-32 (1962)).  "Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also *sua sponte* dismiss an action whenever necessary to 'achieve the orderly and expeditious disposition of cases.'"  *Anthony v. Marion Cnty. Gen Hosp.*, 617 F.2d 1164, 1167 (5th Cir. 1980) (affirming district court's *sua sponte* dismissal pursuant to Rule 41(b)).  Indeed, the "authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted.  The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."  *Link*, 370 U.S. at 629-30; *see also Chambers v. Nasco, Inc.*, 501 U.S. 32, 49 (1991) (noting that "a federal district court has the inherent power to dismiss a case *sua sponte* for

4

failure to prosecute" as recognized in *Link*, 370 U.S. at 629-32); *Carter v. City of Memphis, Tenn.*, 636 F.2d 159, 161 (6th Cir. 1980) ("It is clear that the district court does have power under [Fed. R. Civ. P. 41(b) ] to enter a *sua sponte* order of dismissal.").

The United States Court of Appeals for the Sixth Circuit directs district courts to consider the following factors in deciding whether to dismiss under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 737 (6th Cir. 2008) (citation omitted).  Although none of the factors is "'outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct.'"  *Id*. (quoting *Knoll*, 176 F.3d at 363).

### E.      Discussion

The record demonstrates that involuntary dismissal is appropriate here, based on the following considerations.

5

**1.      Whether Plaintiff's failure is due to willfulness, bad faith, or fault?**

To date there is no indication on the docket that either the Court's October 24, 2025 order (ECF No. 14) or February 26, 2026 order (ECF No. 18) – each of which would have been served upon Plaintiff at his address of record (*i.e.*, 1231 Colony Lane, Apt. 324, Pontiac, Michigan 48340) – has been returned as undeliverable.  Therefore, the Court assumes Plaintiff received them.  Plaintiff failed to timely file his motion response or response to the show cause order, and he has not sought an extension of either deadline.  Indeed, to date, he has not filed either a motion response or a response to the show cause order.  Therefore, the Court assumes Plaintiff's non-compliance with the Court's orders (ECF Nos. 14, 18) is willful.

**2.      Whether Plaintiff was warned that failure to cooperate could lead to dismissal?**

The answer to this question is a clear, "yes."  The Court's February 26, 2026 order expressly states:  "Failure to comply with this Order **shall** result in a Report and Recommendation that the Court dismiss Plaintiff's claims against Trans Union and Equifax pursuant to Fed. R. Civ. P. 41(b) and E.D. Mich. LR 41.2."  (ECF No. 18, PageID.68 (emphases in original).)

**3.** **Whether dismissal is appropriate to achieve the orderly and expeditious disposition of this case?**

Beyond Plaintiff's failure to comply with the Court's October 24, 2025 and February 26, 2026 orders (ECF Nos. 14, 18), he seems to have discontinued prosecuting this case. As noted above, his sole filings in this case are his August 29, 2025 complaint (ECF No. 1) and a same-day application to proceed without prepayment of fees or costs (ECF No. 2). Since then, it appears he has only supplied service documents to the Clerk – likely in response to Judge Behm's September 3, 2025 order (*see* ECF No. 6) – which documents the Clerk received on September 18, 2025.

Thus, it has been 214 days since Plaintiff filed his complaint and application to proceed *in forma pauperis* (*see* ECF Nos. 1, 2), 194 days since the Clerk received service documents, 130 days since his response was due to Equifax Information Services and TransUnion's motion to dismiss (*see* ECF Nos. 12, 14), and 12 days since his show cause response was due (*see* ECF No. 18). This period of inaction suggests that Plaintiff has discontinued prosecuting this case.

**F.** **Conclusion**

For the above-detailed reasons, the Court should **DISMISS** Plaintiff's claims against Equifax Information Services and Trans Union **WITH PREJUDICE** for failure to comply with the Court's October 24, 2025 and February 26, 2026 orders (ECF Nos. 14, 18) and/or pursuant to Fed. R. Civ. P.

7

41(b) and E.D. Mich. LR 41.2 for failure to prosecute and, accordingly, **DEEM MOOT** these Defendants' pending motion to dismiss (ECF No. 12).

## III.    PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc*.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d).  The response must specifically address each issue raised in the objections,

8

in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc*.  If the Court determines that any objections are without merit, it may rule without awaiting the response.


Dated:  March 31, 2026

_____
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE